FILED

JUN 2 3 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| CHASE CARMEN HUNTER, ) | |
| PETITIONER, ) | Case No. |
| ) | A-14-CV-510-LY |
| vs. ) | |
| ) | VERIFIED MOTION FOR |
| AMALIA RODRIGUEZ-MENDOZA, ET AL. ) | DISQUALIFICATION AND |
| RESPONDENTS. ) | MEMORANDUM IN SUPPORT |
| ) | |

**VERIFIED MOTION FOR DISQUALIFICATION**

Pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1) and all other relevant applicable law and statutes, the Petitioner moves for the disqualification of Judge Lee Yeakel.

STATEMENT OF FACTS

1. The Petitioner, herein referred to as "Hunter", filed a lawsuit in the Travis County District Court ("TCDC") in June 2013. It is record number D-1-GN-13-001957. The lawsuit sets forth egregious violations of Texas laws and constitutions, United States laws and constitutions, and human rights of which Hunter is the victim.

2. The Respondent is the clerk of the TCDC. She has refused

to comply with Texas Rule of Civil Procedure ("TRCP") 145 et seq. This TRCP 145 et seq. requires the Clerk of the TCDC to provide Hunter will all services provided any other party without prepayment of fees.

3. The Respondent has unlawfully blocked Hunter from seeking relief in the TCDC case D-1-GN-13-001957.

4. The relief that Hunter seeks in TCDC case D-1-GN-13-001957 includes relief from crimes that have been committed against her under color of law. The Respondent has unlawfully blocked Hunter from seeking such relief.

5. The Respondent has demanded that Hunter pay to her money she is not entitled to as a pre-requisite to Hunter seeking relief against crimes committed against her.

6. The Respondents in TCDC case D-1-GN-13-001957 include the Texas Commissioner of Insurance ("Commissioner") and the Texas Department of Insurance ("TDI").

7. The Commissioner and the TDI have records that Hunter has personally contributed and personally viewed that establish that they violated Hunter's rights and committed crimes against her under color of law to support crimes against her arising from Orange County Florida Circuit Court case 2009-CA-037513. These records show, for example, that the Commissioner and TDI admitted, under oath, to actively seeking to impede interstate commerce by contacting a website hosting company located outside

Texas and falsely presenting themselves to such website hosting company to have authority to instruct them to take down Hunter's interstate commerce website(s).

8. Hunter filed this lawsuit against the Respondent to seek relief from, <u>inter alia</u>, the Respondent's extortion and bribery. Since the Respondent is demanding money from Hunter to which she is not legally entitled and to which she is statutorily prohibited from demanding in exchange for Hunter's right to seek judicial remedies involving tortious interference in Hunter's business, defamation, and criminal trespasses; the Respondent's actions constitute bribery and extortion.

ARGUMENT

9. The United States Constitution guarantees Hunter equal access to protection under the law.  But the Commissioner, TDI, and Rodriguez-Mendoza, among others, have denied Hunter such protection.

10. Hunter's constitutional rights and human rights guarantee her such protection without expense.  The fact that Hunter is a victim of crimes and that Hunter has been forced to file a civil action to seek protection from said crimes is unconscionable.

11. The fact that the Respondent has violated TRCP 145 et seq. to block Hunter from accessing TCDC is <u>prima facie</u> evidence that Hunter is, in fact, a victim of crimes arising from the Commissioner and the TDI.

12. If Hunter's lawsuit in TCDC case D-1-GN-13-001957 had no merit, and the Respondent complied with TRCP 145 et seq., the lawsuit would most likely be dismissed by now. But the TCDC case D-1-GN-13-001957 has so much merit, that the Respondent has conspired with the underlying wrongdoers to protect their wrongdoing.

13. The Respondent has unlawfully blocked Hunter from the TCDC only because Hunter's lawsuit in TCDC case D-1-GN-13-001957 is meritorious, because said lawsuit reveals crimes committed against Hunter under color of law, and because the Respondent wants to unlawfully use her authority to deny Hunter protection from said crimes.

14. It is a perversion of the justice system to require Hunter to pay a fee to this Court to commence an action in which Hunter is seeking only a declaration of her rights upon which the Respondent has criminally trespassed.

15. It is unconscionable that the magistrate judge denied Hunter's Application to Proceed Without Prepayment of Fees ("Application") based solely an unreasonable assumption that Hunter made an error on her Application that over-stated her expenses. It is unconscionably unreasonable for the magistrate judge to conclude that Hunter is limited to having only one mortgage amount (monthly payment due) and that Hunter's Application that indicates that she has more than one mortgage

amount is an error. It is unconscionably unreasonable for the magistrate judge to believe that, although Hunter's Application shows that she has an interest in two pieces of real estate, she is somehow limited to having only one mortgage amount and that she made an error on her Application when she stated that she had more than one mortgage amount.

16. Hunter has repeatedly represented, under penalty of law, that her Application does not contain such an error.

17. It is not reasonable to believe that the magistrate judge truly believes the argument made in Dk 2.

18. It is not reasonable to believe that this Court truly believes the argument shown in Dk 2 or the argument shown in Dk 5; and it is so unreasonable as to establish that this Court is knowingly and intentionally denying Hunter access to equal protection of the various relevant laws by capriciously denying an indigent party, Hunter, from proceeding without prepayment of fees.

19. A judge has no discretion to make conflicting assumptions about an affidavit Hunter filed.

20. A judge has no discretion to capriciously decide that an affidavit contains anything other than a scrivener's error.

21. A judge has no discretion to refuse to take an affidavit at face value even after Hunter confirmed in Dk 3 and Dk 4, under penalty of law, that there was no such error in her

Application.

22. A judge has discretion to provisionally grant the Application and seek additional facts through a hearing. But Judge Lee Yeakel has failed to offer this option to Hunter and has decided simply to lock Hunter out of the court.

23. Judge Lee Yeakel has blocked Hunter, without any basis in law or fact, from accessing this Court.

24. Judge Lee Yeakel must be disqualified pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1) and any other relevant statute.

25. 28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is to avoid even the appearance of partiality," Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988) (quotation marks omitted), and thus "what matters is not the reality of bias or prejudice but its appearance," Liteky v. United States, 510 U.S. 540, 548 (1994). In other words, so long as a judge's impartiality might reasonably be questioned, recusal is required "even though no actual partiality exists … because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible." Liljeberg, 486 U.S. at 860 (quotation marks omitted).

26. The facts of this case would plainly lead a reasonable person to conclude that Judge Lee Yeakel's impartiality might

reasonably be questioned and that he is using his authority to protect the Respondent from crimes she has committed against Hunter, and the Respondent is protecting the Respondents in TCDC case D-1-GN-13-001957 from crimes committed against Hunter, and the Respondents in TCDC case D-1-GN-13-001957 are protecting the plaintiff in Orange County Florida Circuit Court Case 2009-CA-037513 from crimes committed against Hunter. The facts prove this and all parties named herein have obviously conspired to unlawfully block Hunter from seeking remedies to these crimes.

## CONCLUSION

WHEREFORE, Hunter prays that Judge Lee Yeakel be disqualified, that this court hire and appoint an outside, independent judge whose impartiality cannot be questioned to preside over this matter, and that she be granted any other relief to which Hunter is entitled.


Respectfully Submitted,


_____
Chase Carmen Hunter
PO Box 42252
Fredericksburg, VA 22404
Phone: 707-706-3647
Fax: 703-997-5999
Chase_Hunter@Yahoo.com
Petitioner, pro se


**VERIFICATION**

I, Chase Carmen Hunter, HEREBY VERIFY, under penalty of law and penalty of perjury, that the facts in the above Verified Motion For Disqualification are true and accurate. **WHEREFORE** the Petitioner respectfully enters her testimony into this record.

_____          _6/19/14_____
Chase Carmen Hunter                     Date

C Hunter
PO Box 42252
Fred VA 22404

U.S. POSTAGE PAID
RUTHER GLEN, VA 22546
JUN 20, 14
AMOUNT $1.61
00017516-01

78701

Clerk
U.S District Court
501 W 5th St
Suite 1100
Austin TX 78701